UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES BECK, JR.,

      Plaintiff,

v.                                    Case No:  6:12-cv-1121-Orl-GJK

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM OF DECISION

James Beck, Jr. (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred at step-two of the sequential evaluation process by failing to find Claimant's depression and anxiety to be severe and, generally, that the ALJ failed to fully and fairly develop the record by not obtaining additional medical records related to Claimant's depression and anxiety or sending Claimant out for a consultative mental examination. Doc. No. 25 at 9-14. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

I.      <u>ANALYSIS</u>.

The factual and procedural background of this case is largely contained the Court's prior order reversing and remanding the case to the Commissioner for further proceedings and is adopted herein by reference. *See* R. 476-79; Case No. 6:08-cv-1821-Orl-GJK, Doc. No. 18 (M.D. Fla. Mar. 1, 2010). At all stages in the case, including the initial application and at both hearings before the ALJ, Claimant has alleged disability based solely on physical impairments –

namely a heart condition, chronic allergies, and sleep apnea. R. 78, 431, 476, 994, 996-997, 1000, 1006. On October 28, 2009, Claimant presented to the Veteran's Administration (the "VA") complaining of stress and panic symptoms related to his physical conditions, an inability to receive social security disability benefits, and the ending of a personal relationship. R. 810. Claimant denied any acute symptoms. R. 810.

The physicians at the VA conducted a mental status examination which reflects that Claimant was: dressed appropriately; calm; cooperative; displaying normal speech and congruent affect, but distractible attention and brief attention; displaying normal memory, thought process, memory, judgment, and insight; and not a suicide risk. Doc. No. 810-811. Claimant was diagnosed with: Adjustment reaction not otherwise specified; financial and relationship issues; and a global assessment of functioning score of 65. R. 811. The VA physicians continued a prescription for Lorazepam and recommended a follow-up evaluation with a psychiatrist. R. 811. The treatment note contains no opinion regarding any functional limitations. R. 811.[1] This is the only treatment note relied upon or addressed by Claimant on appeal. Doc. No. 25 at 1-14.

Claimant maintains that the ALJ erred at step-two of the sequential evaluation process based solely on October 28, 2009 treatment note (R. 810-11). Doc. No. 25 at 8-13. More specifically, Claimant argues that the ALJ erred by failing to find Claimant's "depression and anxiety" to be severe impairments. Doc. No. 25 at 8-12. Claimant also maintains that the ALJ failed to fully develop the record because the ALJ should have secured additional evidence related to Claimant's anxiety and/or ordered a consultative mental health examination. Doc. No. 25 at 12-14.

---

[1] At the April 21, 2011 hearing before the ALJ, Claimant testified as to all of his current medications, which did not include Lorazepam. R. 996.

The Claimant's arguments are rejected for three principal reasons. First, as set forth above, Claimant never alleged at any stage of the administrative proceedings that he suffers from depression and/or anxiety. R. 78, 431, 476, 994, 996-997, 1000, 1006. The ALJ is not required to investigate an impairment that is neither alleged in a claimant's application, nor testified to at the hearing. *See Street v. Barnhart*, 133 Fed.Appx. 621, 627 (11th Cir. 2005) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1995)); *Robinson v. Astrue*, 365 Fed.Appx. 993, 995 (11th Cir. 2010).[2]  Accordingly, the ALJ committed no error at step-two and was not required to further develop the record or order a consultative examination for condition(s) that Claimant did not allege were severe or contributed to his allegations of disability.

Second, the ALJ did not err at step-two because the ALJ found that Claimant suffers from severe impairments of cardiomyopathy and obesity, and then proceeded to the next steps in the sequential evaluation process. R. 454-61. In *Farrington v. Astrue*, Case No. 3:09-cv-94-J-TEM, 2010 WL 1252684 at *4 (M.D. Fla. Mar. 29, 2010), the Court explained:

> Articulation of the specific impairments included in the Step 2 finding, while preferable, however, is not essential for an adequate finding under the Regulations. As the Eleventh Circuit has stated, "the ALJ could not have committed any error at step two because he found that [the claimant] had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two." *Council v. Barnhart*, 127 Fed. Appx. 473 (Table), No. 04-13128, at 4 (11th Cir. Dec. 28, 2004); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.1987) (stating that the finding of any severe impairment is enough to satisfy the requirement of step two).

*Id*. Therefore, as long as an ALJ's decision demonstrates consideration of the combined effect of all of a claimant's impairments, and if the ALJ finds a severe impairment at step-two, the ALJ satisfies the requirements of regulations. *Id*.   In this case, the ALJ found severe impairments at step-two, proceeded to the remaining steps, and, in determining the Claimant's residual

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

functional capacity, the ALJ stated that she "has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. . . ." R. 454-55.  While the ALJ did not specifically discuss the October 28, 2009 treatment note, the ALJ considered the combined effect of all of Claimant's symptoms in determining the Claimant's residual functional capacity assessment.  R. 454-55.  *See also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (there is no rigid requirement that an ALJ specifically refer to every piece of evidence in the record).   Thus, the ALJ satisfied the requirements of the regulations.

Third, the treatment note Claimant relies upon does not contain a diagnosis of depression or anxiety.  R. 811.  Rather, on October 28, 2009, Claimant was diagnosed with adjustment reaction not otherwise specified.  R. 811.  Claimant was prescribed Lorazepam for treatment of his adjustment reaction and, notably, at the hearing Claimant failed to list Lorazepam as one of his current medications.  R. 996.  Regardless of the precise diagnosis, it is well settled that a mere diagnosis is insufficient to establish that an impairment is severe.  *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Therefore, the ALJ committed no error at step-two.

## II.     CONCLUSION.

For the reasons stated above, Claimant's arguments are rejected.  Accordingly, it is **ORDERED that**:

1. The final decision of the Commissioner is **AFFIRMED**;
2. The Clerk is directed to enter judgment in favor of the Commissioner; and
3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on September 13, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

N. Albert Bacharach, Jr., Esq.
N. Albert Bacharach, Jr., P.A.
115 Northeast 6th Avenue
Gainesville, Florida 32601

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Janet Mahon
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, Florida 32817-9801